IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WAYNE BROWN, | § | |
| | § | No. 320, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1403020336 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 11, 2015
Decided: February 15, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 15th day of February 2016, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his appellate counsel's motion to withdraw, and the State's response, it appears to the Court that:

(1) On January 30, 2015, after a two-day trial, a Superior Court jury found the appellant, Wayne Brown, guilty of two counts of Assault in a Detention Facility. On May 29, 2015, Brown was sentenced to a total of eight years at Level V for the two offenses. This is Brown's direct appeal.

(2) On appeal, Brown's appellate counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)").[1] Brown's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Brown's counsel represents that he provided Brown with a copy of the motion to withdraw and the accompanying brief and appendix and informed Brown of his right to identify any points he wished this Court to consider on appeal. Brown has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[2] Also, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

---

[1] *See* Del. Supr. Ct. R. 26(c) (governing criminal appeals without merit).

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] *Penson v. Ohio*, 488 U.S. at 81.

(4) In this case, having conducted "a full examination of all the proceedings" and having found "no nonfrivolous issue for appeal,"[4] the Court concludes that Brown's appeal "is wholly without merit."[5] The Court is satisfied that Brown's appellate counsel made a conscientious effort to examine the record and the law and properly determined that Brown could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

Justice

---

[4] *Id.* at 80.

[5] *See supra* note 1.

3